*Muir & Wickliffe, for appellees.*

---

ISRAEL RICHARDSON *v.* E. M. LAMPTON.

**Vendor and Purchaser—Sale in Gross.**

     Where a sale of land does not appear to have been by the acre, but in gross, a deficit of less than five per cent. in the amount of the land, in the absence of fraud, will not authorize the interference of a court of equity.

APPEAL FROM HARDIN CIRCUIT COURT.

October 24, 1873.

OPINION BY JUDGE PETERS:

The terms of the written memorandum of the contract for the sale of appellant's interest in the tract called the old "Brad-

ley farm" to appellee, and also of the written memorandum of the contract for the sale of the interest of J. W. Snyder in the same farm to F. M. Oldridge, which was assigned by Oldridge to appellee, were both according to the established rules of construction, sales in gross. Nor are the deeds (for there are two deeds executed by Richardson and Snyder to Lampton) susceptible of a different construction. Lampton purchased the two interests at different times and at different prices, and neither the title bonds, nor the deeds executed to Lampton, state that the sales were either of them made by the acre, but in all of said writings the gross seems to be paid to each vendor as therein recited. In the deed dated November 1, 1866, the quantity of the land is estimated at 211½ acres, more or less; and in that of February 1, 1867, the quantity is stated to be 206½ acres, more or less. In the first named deed there is evidently a mistake, one line is omitted, as is proven by Petty, and the court in the judgment undertook to reform and establish it as the true and proper deed.

Petty wrote both deeds; the first one he wrote from field notes furnished him by Lampton and the second he wrote from field notes furnished by Kenkead, the county surveyor of Hardin county.

The deficit in the quantity claimed by appellee and the true quantity in the tract is just five acres. This deviation from the estimated quantity by appellee is even less than five per cent., which is less than was probably estimated by the parties, and is not such a per cent. as would authorize the interference of a court of equity. There is no evidence of fraud on the part of appellant or Oldridge, either in representing the boundary of the land, or the value of the spring.

The allegations in appellee's original and amended petition do not authorize the court to reform the deed filed as Exhibit "D". Wherefore the judgment is reversed and the cause is remanded with directions to dismiss the petition.

*C. G. Wintersmith, for appellant.*

*Montgomery, for appellee.*